UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Michael A. Rowe</u>

v.                              Civil No. 11-cv-366-JL

<u>Liberty Mutual Group, Inc.</u>

## **<u>PROCEDURAL ORDER</u>**

Michael Rowe, proceeding pro se, has filed motions seeking to compel discovery from the defendant, Liberty Mutual Group, Inc., and other relief.  In accordance with its informal procedure for resolving discovery disputes, <u>see</u> Order of Oct. 24, 2011, at 1-2, the court held a telephone conference on May 16, 2013, to address these motions, as well as Liberty Mutual's motions to seal certain portions of its summary judgment filings. By the agreement of the parties, the conference was conducted off-the record.  Based on the court's discussions with Rowe and counsel for Liberty Mutual at the conference, the court makes the following rulings:

1.  **Additional discovery**.  Rowe shall be entitled to take the deposition of Roxanne Martinez on May 29, 2013, at a time and a place subject to the further agreement of the parties.  Rowe acknowledged that he is prepared to take that deposition based on the discovery he has received from Liberty Mutual to date.  The deposition shall be subject to the limitations set forth in the

parties' joint discovery plan, as approved by the court, and the
Federal Rules of Civil Procedure.

Liberty Mutual shall promptly provide Rowe with the document
from December 2010, referenced during the conference call, that
concerns the alleged directive not to move employees out of the
group selected for the reduction in force at issue in this case.

Rowe's requests for additional discovery are otherwise
denied, except insofar as they seek particular information as to
which Liberty Mutual has claimed attorney-client or work product
privilege (that issue is discussed <u>infra</u>).  Because the discovery
deadline in this case has expired, neither party shall request,
formally or informally, any further discovery from the other
except (a) as specifically contemplated by this order, or further
order of the court or (b) with leave of court, to be obtained in
accordance with this court's informal discovery dispute
resolution procedure.

**2.  Liberty Mutual's claims of privilege**.  Liberty Mutual
has refused to produce certain documents, and provide other
discovery, in this action on the grounds of attorney-client and
work-product privilege.  In particular, Liberty Mutual has
asserted those privileges against discovery into
(a) certain communications, in which Rowe participated, related
to his alleged concerns over Liberty Mutual's "made whole"

practices, including the "Ferguson litigation" in Montana, as identified in privilege logs that Liberty Mutual provided in this action in June 2012 and November 2012, and (b) a meeting of April 6, 2011, among Liberty employees Heather Buckley, Nancy Brown, and Tricia Rice Wood.  Rowe contends that, to the extent any of these communications were privileged to begin with, Liberty Mutual has waived the privilege.

To resolve this dispute, Liberty Mutual shall file a motion for a protective order, see Fed. R. Civ. P. 26(c)(1), as to these communications on the grounds of attorney-client and work product privilege.  The motion shall be accompanied by a memorandum, not to exceed 15 pages, and any evidentiary materials necessary to support Liberty Mutual's privilege claims.  In addition to showing that the privileges apply to these communications, the memorandum shall address whether any claimed privileges have been waived by (a) disclosing a substantial part of the communications concerning the April 6, 2011, meeting, by producing, in discovery here, the "Situational Analysis" of Rowe's termination, which discusses that meeting in some detail and (b) putting the communications at issue through Liberty Mutual's defense in this action, including its assertions that (i) aside from, arguably, an e-mail of March 31, 2011, Rowe never raised any concerns about Liberty Mutual's "made whole" practices and (ii) that Brown was

3

not involved in the decision to terminate Rowe.  The motion, memorandum, and supporting materials shall be filed on or before **June 7, 2013**.  On or before **June 14, 2013**, Rowe may, but need not, file a responsive memorandum not to exceed 15 pages, not including any appropriate supporting materials.

3.  **Summary judgment objection**.  Following this court's ruling on Liberty Mutual's forthcoming motion for protective order, discussed <u>supra</u>, this court will set deadlines for Rowe to object to Liberty Mutual's pending motion for summary judgment, for Liberty Mutual to reply, and for Rowe to sur-reply.  If necessary, the court may also continue the trial, currently scheduled for September 4, 2013, and related pre-trial deadlines.

4.  **Filings under seal**.  During the telephone conference, Rowe agreed to withdraw his objections to Liberty Mutual's request to file certain portions of its summary judgment motion and supporting materials under seal, and to continue to follow this court's protective order (document no. 11), entered by agreement of the parties.  This agreement is without prejudice to Rowe's ability to challenge any of Liberty Mutual's confidentiality designations at any trial of this matter.

5.  **Further filings by Rowe**.  On the day following the telephone conference, Rowe made four additional filings purporting to address issues that were discussed, but not

4

resolved, during the call.  While the court appreciates Rowe's efforts to show the good faith of his conduct of the litigation to date, that showing was unnecessary, as the court was satisfied of that point already.  To avoid burdening court personnel, and opposing counsel, Rowe should limit further filings to

(a) motions seeking particular relief from the court,

(b) responses to any motions filed by Liberty Mutual, and

(c) filings that Rowe is directed to make by rule, or by order of the court.

Accordingly, Rowe's supplemental motion for discovery (document no. 36) is GRANTED in part and DENIED in part as described above; Rowe's motion to stay (document no. 37) is GRANTED insofar as it seeks to stay his deadline to respond to Liberty Mutual's summary judgment deadline but is otherwise denied; Rowe's emergency motion to compel update of interrogatory responses (document no. 40) is DENIED; Liberty Mutual's motion for leave to file redacted versions of its motion for summary judgment and related materials (document no. 41) is GRANTED; and Liberty Mutual's motion to file unredacted versions of those documents under seal (document no. 46) is GRANTED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  May 20, 2013

cc:  Michael A. Rowe, pro se
     Emily G. Rice, Esq.
     Edward J. Sackman, Esq.